IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| JESSE ANDERSON )<br> )<br>        Plaintiff, )<br>   v. )<br> )<br>GUARANTEED RATE, INC., ROBERT )<br>STINES, ADAM KAMARAT )<br> )<br>        Defendants. ) | No. 13 C 431<br><br>Judge Virginia M. Kendall |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Jesse Anderson filed suit against Defendants Guaranteed Rate, Inc. ("GRI"), Robert Stines and Adam Kamarat for allegedly violating the Fair Labor Standards Act, 29 U.S.C. *et seq.*, by retaliating against him for complaining about Defendant GRI's compensation practices. The Defendants moved to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), because Anderson's claim is barred by the doctrine of *res judicata*. For the reasons set forth below, the Defendants' motion is granted.

## **BACKGROUND**[1]

GRI employed Anderson as a mortgage consultant. (*See* Complaint, Doc. 1 at ¶ 5.) Stines and Kamarat served as Anderson's supervisors. (*Id.*) When he was employed, Anderson and GRI agreed to a sales compensation plan that set forth how Anderson's compensation would be calculated. (*Id.* at ¶¶ 11-12.) In accordance with the plan, GRI was supposed to pay Anderson commission compensation for mortgage loans Anderson closed. (*Id.*)

---

[1] The facts described in the Background section are taken from Anderson's Complaint and are assumed to be true for purposes of the Motion to Dismiss. *See Voelker v. Porsche Cars North America, Inc.,* 353 F.3d 516, 520 (7th Cir. 2003); *Murphy v. Walker,* 51 F.3d 714, 717 (7th Cir. 1995). The Background section also contains information taken from public records, which this Court may take judicial notice of. *See Henson v. CSC Credit Services,* 29 F.3d 280, 284 (7th Cir. 1994).

1

However, according to Anderson, GRI failed to compensate him properly because it failed to facilitate the processing and closing of his loans. (*Id.* at ¶¶ 13-14.) Anderson repeatedly complained about this. (*Id.*) Specifically, on November 4, 2009, Anderson expressed his complaints during a sales floor meeting that was attended by GRI's mortgage consultants and supervisors. (*Id.* at ¶ 14.) After expressing these concerns, Anderson alleges that he was treated differently than other similarly situated mortgage consultants and was retaliated against by the Defendants. (*Id.* at ¶ 15.)

On November 6, 2009, Defendants Stines and Kamarat met with Anderson. Kamarat accused Anderson of "embarrassing him" during the November 4, 2009 sales floor meeting. (*Id.* at ¶ 17.) Kamarat ordered Anderson to stop asking questions about loan processing and prohibited him from talking with loan processor Carolyn Pettengill. (*Id.* at ¶ 18.) Other mortgage consultants were not prohibited from speaking with the loan processor. (*Id.* at ¶ 19.) Stines and Kamarat also told Anderson that he better "shut up and be humble" or he would lose his job. (*Id.* at ¶ 20.)

After this meeting Anderson attempted to transfer to a different team of mortgage consultants. (*Id.* at ¶ 23.) This request was denied. (*Id.* at ¶¶ 23-24.) Anderson contends that other similarly situated mortgage consultants who did not raise questions about GRI's compensation practices were not denied transfer requests. (*Id.* at ¶ 25.) The Defendants then denied Anderson access to a sales assistant despite the fact the other mortgage consultants received them. (*Id.* at ¶ 26.) Defendants also refused to provide compensation perks to Anderson that they provided to other mortgage consultants. (*Id.* at ¶ 29.) Anderson was eventually forced to resign from GRI after working there for four months. (*Id.* at ¶ 33.) He

contends his forced resignation amounts to a constructive discharge. (*Id.* at ¶ 34.) He did not earn any compensation during the entire period he worked at GRI. (*Id.* at ¶ 35.)

After Anderson resigned, he filed a complaint against GRI, Stines and Kamarat in June 2010 that asserted claims that Defendants discriminated against Anderson on the basis of his age and race in violation of Title VII of the Civil Rights Act of 1964 and in violation of 42 U.S.C. 1981. *See Anderson v. Guaranteed Rate, Inc., et al.,* No. 10 C 3598 (N.D. Ill. filed June 11, 2010) ("*Anderson I*"). He specifically alleged that the Defendants retaliated against him for complaining about their compensation practices. Anderson subsequently amended the complaint to add claims against the Defendants for violations of the FLSA and the Illinois Wage Payment and Collection Act. (*See id.* at Doc. 36.)[2]

This complaint contained the same factual allegations that are alleged in Anderson's instant complaint. For example, Anderson alleged that: (1) "GRI failed to process [Anderson's] client's loan applications in a timely manner"; (2) he complained about the delays to his supervisors; (3) he was verbally berated for his complaints; (4) he was denied a request to transfer to a different team; (5) he was forced to resign due to the treatment he received; and (6) that Defendants treated similarly situated mortgage consultants who did not complain about Defendants' compensation practices more favorably than him. (*See id.* at ¶¶ 10, 11, 12, 13, 23, 24, 26, 31, 32, 34.) Anderson specifically alleged that he was constructively discharged as retaliation for his complaints in violation of Title VII and Section 1981. (*Id.* at ¶¶ 23, 26, 34.) However, the FLSA claim was limited to a claim that Anderson was not properly compensated for the hours he worked.

---

[2] The Court may take judicial notice of the allegations in *Anderson I* because a court may take judicial notice of matters of public record, including other court's dockets. *See Henson,* 29 F.3d at 284.

GRI made an offer of judgment to Anderson pursuant to Federal Rule of Civil Procedure 68 on Anderson's FLSA claim. This offer was accepted by Anderson and judgment was entered in favor of Anderson and against GRI on the FLSA claim on June 27, 2012. (*See id.* at Doc. 114.) Subsequently, after the close of discovery and while summary judgment motions were pending, Anderson sought leave to amend his complaint to assert a claim for retaliation in violation of the FLSA against GRI, Stines and Kamarat. (*Id.* at Doc. 156.) The court denied Anderson's motion to amend as untimely and unduly prejudicial on January 9, 2013. (*Id.* at Doc. 181.) Anderson then filed the instant lawsuit on January 18, 2013 asserting a claim for retaliation in violation of the FLSA.

## **LEGAL STANDARD**

When considering a motion to dismiss under Rule 12(b)(6) the Court accepts as true all of the well-pled facts alleged in the complaint and construes all reasonable inferences in favor of the nonmoving party. *See Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614, 619 (7th Cir. 2007) (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)); *accord Murphy*, 51 F.3d at 717. To state a claim upon which relief can be granted a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotations omitted). In analyzing whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. When the factual allegations are well-pled the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *See id.* at 679. A claim has

facial plausibility when the factual content plead in the complaint allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 678.

*Res judicata* is an affirmative defense, and the plaintiff need not plead around affirmative defenses. *See United States Gypsum Co. v. Indiana Gas Co.,* 350 F.3d 623, 626 (7th Cir. 2003); Fed. R. Civ. P. 8(c). Still, a plaintiff "may plead himself out of court by alleging (and thus admitting) the ingredients of a defense." *United States Gypsum,* 350 F.3d at 626. Thus, the doctrine of *res judicata* may properly be raised as a basis to dismiss a complaint pursuant to Rule 12(b)(6).

## DISCUSSION

### I.     The Doctrine of Claim Preclusion Bars Anderson's Claim

Defendants contend that Anderson's complaint should be dismissed pursuant to the doctrine of claim preclusion because the court in *Anderson I* denied Anderson's motion to amend his complaint to add a claim for FLSA retaliation.[3] The doctrine of *res judicata* or claim preclusion "prohibits parties 'from re-litigating issues that were or could have been raised in' a previous action in which there was a final judgment on the merits." *Johnson v. Cypress Hill,* 641 F.3d 867, 874 (7th Cir. 2011) (quoting *Highway J Citizens Group v. U.S. Dep't of Transportation,* 456 F.3d 734, 741 (7th Cir. 2006)). This doctrine requires claims that are based "on the same, or nearly the same, factual allegations" to be joined. *Id.* (citing *Roboserve, Inc. v. Kato Kagaku Co., Ltd.,* 121 F.3d 1027, 1034 (7th Cir. 1997)). Indeed, an issue that was never litigated may be foreclosed by a prior judgment because the issue "should have been advanced in an earlier suit." *Id.* (quoting *Migra v. Warren City School District Board of Education,* 465 U.S.

---

[3] Title 29 U.S.C. § 215(a)(3) prohibits any person from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the FLSA.

75, 77 n.1 (1984)); *see also Nevada v. United States,* 463 U.S. 110, 129-30 (1983) ("[T]he doctrine of *res judicata* provides that, when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."); *Car Carriers, Inc. v. Ford Motor Co.,* 789 F.2d 589, 593 (7th Cir. 1986) ("Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost….Therefore, prior litigation acts as a bar not only to those issues which were raised and decided in the earlier litigation but also to those issues which could have been raised in that litigation.").

*Res judicata* applies to bar a subsequent action when the following requirements are met: (1) there is an identity of causes of action; (2) there is an identity of parties or their privies; and (3) a final judgment on the merits. *See Johnson,* 641 F.3d at 874 (internal citations omitted); *Highway J,* 456 F.3d at 741 (internal citations omitted). A cause of action is defined as "a single core of operative facts which give rise to a remedy." *Johnson,* 641 F.3d at 874 (internal citations and quotations omitted). In other words, a subsequent suit is barred if the claim arises from the same incident, events, transactions, circumstances or other factual nebula as a prior suit. *See Cole v. Board of Trustees of the University of Illinois*, 497 F.3d 770, 772 (7th Cir. 2007).

Anderson concedes that the same parties are involved in both actions. He also does not dispute that he moved to amend his complaint in *Anderson I* to add an FLSA retaliation claim and that the court denied the motion. However, he contends that the court's decision to deny the motion for leave to amend did not constitute a final judgment on the merits. While the Seventh Circuit has not directly addressed the issue, this Court believes that it would find a court's

6

decision to deny a litigant an opportunity to amend his complaint to add new claims constitutes a final judgment on those putative new claims for *res judicata* purposes.

In *Johnson v. Cypress Hill,* the district court held that the doctrine of *res judicata* barred the plaintiff's claims because the court had previously denied the plaintiff's motion to amend his complaint to add those same claims to an earlier filed lawsuit. *See* No. 08 C 7264, 2010 WL 744278, at *3 (N.D. Ill. Feb. 26, 2010) ("[T]he Court's decision to deny [plaintiff] the opportunity to amend his complaint constituted a final judgment, and therefore precludes [plaintiff] now from raising those claims in this case, or in any other subsequent litigation against the same Defendants."). While it did not specifically state that the denial of the amended complaint constituted a final judgment, the Seventh Circuit affirmed the decision of the district court and stated that "the judge correctly granted Cypress Hill's motion to dismiss *Johnson II,* finding the amended complaint barred by *res judicata.*" *Johnson,* 641 F.3d at 874. Other courts have reached similar conclusions. *See, e.g., Landscape Properties v. Whisenhunt,* 127 F.3d 678, 683 (8th Cir. 1997) (barring claims asserted in subsequent suit under doctrine of claim preclusion where plaintiff's motion to amend its complaint to add the same claims against the same defendants in an earlier suit was denied); *Huck v. Dawson,* 106 F. 3d 45, 49-50 (3d Cir. 1997) (same); *King v. Hoover Group, Inc.,* 958 F.2d 219, 222-23 (8th Cir. 1992) ("[I]t is well settled that denial of leave to amend constitutes *res judicata* on the merits of the claims which were the subject of the proposed amended pleading."); *Johnson v. SCA Disposal Services,* 931 F.2d 970, 974-76 (1st Cir. 1991) (same).[4] Therefore, the Court agrees with the reasoning of those courts

---

[4] The Defendants cite *Villa v. Pearson Education, Inc.,* which found that the denial of a motion for leave to amend the complaint did not constitute a final adjudication on the claims raised in the proposed amendment. *See* No. 03 C 3717, 2003 WL 22922178 (N.D. Ill. Dec. 9, 2003). In light of the Seventh Circuit's ruling in *Johnson* as well as the other federal appellate court decisions cited above, the Court finds *Villa* unpersuasive and declines to adopt its reasoning.

and finds that the decision to deny Plaintiff's motion to amend the complaint to add an FLSA retaliation claim constitutes a final judgment for *res judicata* purposes. Therefore, Anderson cannot resurrect the claim here.

Even if denial of the motion for leave to amend the complaint to add the FLSA claims was not considered a final adjudication on the merits and, therefore, did not have preclusive effect, Anderson's claims would still be barred under the doctrine of claim splitting. This doctrine bars a party from maintaining a suit that arises from the transaction or events underlying a previous suit simply by changing their legal theory. *See Carr v. Tillery,* 591 F.3d 909, 913-14 (7th Cir. 2010); *see also Palka v. City of Chicago,* 662 F.3d 428, 437 (7th Cir. 2011) ("This case is a quintessential example of claim splitting in duplicative lawsuits, a litigation tactic that the *res judicata* doctrine is meant to prevent."). However, unlike traditional claim preclusion, the bar against claim splitting can be applied before either action reaches a final judgment on the merits. *See Trading Tech. Int'l, Inc. v. BCG Partners, Inc.,* 2011 WL 3157304, at *3 (N.D. Ill. July 26, 2011) ("The prohibition against claim splitting is application of familiar claim preclusion principles to two actions that are pending simultaneously but neither has reached final judgment.") (citing CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 4406 (2d ed. 2011)); *see also, e.g., Kim v. Sara Lee Bakery Group, Inc.,* 412 F. Supp. 2d 929, 941 (N.D. Ill. 2006) ("Unlike res judicata, . . . courts have applied the doctrine of claim splitting before there is a final judgment in a prior action"); *CIVIX-DDI, LLC v. Expedia, Inc.,* No. 04 C 8031, 2005 WL 1126906, at *4 (N.D. Ill. May 2, 2005) ("district courts have applied the doctrine of claim splitting when the first action was still pending"); *Fujitsu Ltd. v. Tellabs Operations, Inc.,* No. 12 C 3229 (N.D. Ill. Jan. 30, 2013) (same). Therefore, a Court may dismiss a second suit pending between the same parties for

claim splitting if the second suit would be barred by claim preclusion if it is assumed the first suit reached final judgment.

As a result, this Court may bar Anderson's FLSA retaliation claim even if *Anderson I* has not reached a final adjudication on the merits provided that the FLSA retaliation claim arises out of the same incident, events, or transactions that gave rise to the claims alleged in the earlier suit. *Anderson I* alleged that the Defendants constructively discharged the Plaintiff and refused to transfer to him to a separate team of mortgage brokers in retaliation for his complaints that GRI failed to process his loans in a timely manner. This alleged retaliation violated Title VII and Section 1981 because GRI allegedly failed to process Anderson's loans in a timely manner due to his race. Therefore, he was retaliated against for opposing practices that allegedly violated Title VII and Section 1981. Similarly, *Anderson II* alleges that Defendants constructively discharged Anderson and refused to transfer him to a separate team of mortgage brokers in retaliation for his complaints that GRI failed to process his loans in a timely manner. *Anderson II* now alleges this retaliation violated the FLSA because he was retaliated against for complaining about fair compensation practices.

Therefore, there is an identity of causes of action because Anderson's FLSA retaliation claim in *Anderson II* arises from the same incidents, events and transactions as the Title VII and Section 1981 retaliation claims alleged in *Anderson I*. Namely, Anderson was retaliated against for complaining that GRI failed to process his loans in a timely manner. *See Cole*, 497 F.3d at 773-74 (holding that claim for retaliation based on filing a whistleblower action under the False Claims Act was barred by *res judicata* as plaintiff had previously filed a suit alleging she had been retaliated against on account of her race because both claims arose out of the same set of operative facts); *see also, e.g., Hill v. Potter*, No. 06 C 3105, 2012 WL 163814, at *2 (N.D. Ill.

9

Jan. 19, 2012) (finding that claim for retaliation was barred by earlier suit alleging separate retaliation claim because "the Court looks to the initial transaction that caused the supposed retaliation, not at the form of the retaliation that allegedly ensued" and "all of [plaintiff's] claim arise out of the same transaction"); *United States ex rel. Howze v. Allied Physician Inc.,* No. 11 C 35, 2013 WL 950536, at *2 (N.D. Ind. Mar. 11, 2013) (holding claim for retaliatory discharge for filing a whistleblower action was barred by *res judicata* as it arose out of same facts that gave rise to plaintiff's earlier filed claim that defendants retaliated against him for engaging in protected activity by intending to file claim with EEOC alleging racial and sexual discrimination).[5]  Accordingly, the doctrine against claim splitting bars Anderson's FLSA retaliation claim here.

## II.     The Dismissal is with Prejudice

Even though Anderson has not previously had an opportunity to amend his Complaint, the Court finds that it should be dismissed with prejudice. Federal Rule of Civil Procedure 15(a)(2) directs a district court to grant leave to amend a complaint "when justice so requires." *See Indep. Trust Corp. v. Stewart Info. Servs. Corp.,* 665 F.3d 930, 943 (7th Cir. 2012). This rule is interpreted to mean that district courts should only refuse to grant leave where there is

---

[5] The Defendants mistakenly argue that there is an identity of causes of action between the FLSA wage and hour claim Anderson asserted in *Anderson I* and the FLSA retaliation claim Anderson asserts here. However, the two claims are not based on the same set of operative facts. The FLSA wage and hour claim is based on the Defendants' alleged failure to compensate Anderson properly. However, the retaliation claim is based on the Defendants' subsequent constructive discharge of Anderson after he complained about not receiving proper compensation. Therefore, there is no identity of causes of action between the FLSA claim for underpayment in *Anderson I* and the FLSA claim for retaliation here. *See Herrmann v. Cencom Cable Assocs.,* 999 F.2d 223, 226 (7th Cir. 1993) (explaining common identity of causes of action and stating that "[i]t is like the typical retaliation case, in which any employee files a claim based on some set of facts and then the employer fires him for filing the claim, precipitating a second claim. They are two claims, not one, for purposes of *res judicata*.); *see also, e.g., Cichon v. Exelon Generation Co.,* 02 C 3441, 2002 WL 31870557, at *3 (N.D. Ill. Dec. 20, 2002) (following *Herrmann* and finding that there was no identity of the causes of action for purposes of *res judicata* between an FLSA and IMWL claim for underpayment of wages in an earlier action and the subsequent FLSA retaliation claim). Thus, the court's entry of a Rule 68 judgment on the FLSA wage claim has no preclusive effect here.

undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants or where amendment would be futile. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hukic v. Aurora Loan Servs.,* 588 F.3d 420, 432 (7th Cir. 2009); *Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008). If a claim is barred by the doctrine of res judicata or claim preclusion, any attempt to amend would be futile. *See, e.g., Mahru v. Health Care Serv. Corp.,* No. 09 C 1588, 2011 WL 3584773, at *1 (N.D. Ill. Aug. 10, 2011) (finding that amendment would be futile because complaint is barred by doctrine of res judicata); *Wozniak v. Argonne National Laboratory,* No. 09 C 7702, 2010 WL 3958426, at *5 (N.D. Ill. Oct. 1, 2010) (same); *Laurent v. Time Ins. Co.,* No. 11 C 2219, 2012 WL 1598292, at *1 (C.D. Ill. May 7, 2012) (adopting magistrate's report and recommendation that amendment would be futile since claim is barred by *res judicata*). Since Anderson's FLSA retaliation claim is barred by the doctrine of claim preclusion, amendment would be futile and the claim is dismissed with prejudice.[6]

## CONCLUSION

For the reasons set forth above, the motion to dismiss is granted and the complaint is dismissed with prejudice.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: May 28, 2013

---

[6] Since the Court dismisses the complaint with prejudice pursuant to the doctrine of claim preclusion, the Court does not need to decide whether the affirmative defense of release constitutes a valid basis for dismissal pursuant to Rule 12(b)(6). *See, e.g., United States v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2005) (stating that plaintiffs are generally not required to plead around affirmative defenses but that a party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims); *see also, e.g., Papa John's International, Inc. v. Rezko,* No. 04 C 3131, 2006 WL 566468, at *5-6 (N.D. Ill. Mar. 3, 2006) (noting that there are conflicting views regarding whether a motion brought pursuant to Rule 12(b)(6) for dismissal based on alleged contractual release is appropriate).

11